**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHARLES AIFUWU EWERE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-320-SLP |
| | ) | |
| ROBERT CERNA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **O R D E R**

Petitioner, Charles Aifuma Ewere, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Before the Court is the Report and Recommendation [Doc. No. 20] (R&R) of United States Magistrate Judge Suzanne Mitchell.  The Magistrate Judge recommends granting, in part, the Petition.  Respondents have filed an Objection [Doc. No. 22], to which Petitioner has responded, *see* [Doc. No. 23], and the matter is at issue.  The Court reviews de novo any portion of the R&R to which a specific objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted that review, and for the reasons that follow, the Court adopts the R&R and grants the Petition.

Petitioner is a citizen of Nigeria.  On or around March 15, 2022, he entered the United States near Del Rio, Texas.  United States Immigration and Customs Enforcement (ICE) authorities paroled him under 8 U.S.C. § 1182(d)(5) two days later.

Petitioner was detained by ICE on or around January 21, 2026, and charged under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I).  Petitioner has been

continuously detained at Diamondback Correctional Facility in Watonga, Oklahoma since his arrest pursuant to the mandatory detention provision set forth in § 1225(b)(2)(A).

On February 20, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of his due process rights under the Fifth Amendment to the United States Constitution. Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

The Magistrate Judge issued a thorough and well-reasoned R&R and recommended that the Court grant habeas relief, order the Respondents to release Petitioner, and to order the Respondents to submit a declaration confirming such release. Furthermore, the Magistrate Judge recommended that the Court enjoin the Respondents from re-detaining Petitioner without compliance with the applicable regulations governing parole. Finally, the Magistrate Judge recommends that the Court decline to consider Petitioner's Administrative Procedures Act claim.

Respondents object to the R&R, arguing that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A). The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the Objection, rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A). The Court further adopts the reasoning set forth in *Lopez v. CoreCivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed

Order, these same issues.  In doing so, the Court joins the decision reached by the vast majority of district courts in this judicial district,[1] in district courts within the Tenth Circuit[2] and across the country[3] to have addressed the same issues as those raised by Petitioner.[4] The Court's decision is also in accord with the Second Circuit and Seventh Circuit, who have rejected the statutory interpretation of §1225(b)(2) as urged by Respondents.  *See generally Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044 (2d Cir. April 28, 2026); *Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026).  Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention.

Respondents do not object to the Magistrate Judge's findings and conclusions as to Petitioner's due process claim and the recommendation that Petitioner be released. Accordingly, the Court finds that Respondents have waived review of such issues.  *See*

---

[1] *See, e.g., Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641 at *2 (W.D. Okla. Jan. 13, 2026) (collecting cases in this judicial district finding that § 1252(g) does not present a jurisdictional bar); *Lopez*, 2026 WL 165490 at *5 (collecting cases in this judicial district concluding that §1225(b)(2) does not govern the petitioner's detention).

[2] *See, e.g.*, *Aguilar Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184 (D. Utah Jan. 16, 2026); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025).

[3] *See, e.g., Lopez*, 2026 WL 165490 at *7 (collecting cases concluding that §1226(a) is the governing statutory framework).

[4] The Court is certainly aware of authority to the contrary, including two decisions entered in this judicial district.  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at **3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt,* No. CIV-235-1231-JD, 2025 WL 3733302 at **5-12 (W.D. Okla. Dec. 26, 2025).

3

*Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).[5]  Upon review, the Court fully

concurs with the analysis of the Magistrate Judge as to those issues.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No.

15] is ADOPTED.  The Petition [Doc. No. 1] is GRANTED, in part, as follows:

1.    Respondents are ORDERED to immediately release Petitioner, subject to the

conditions of his prior parole issued under 8 U.S.C. § 1182(d)(5), from their custody.

2.    Respondents are ENJOINED from re-detaining Petitioner unless, prior to

such re-detention, Petitioner is provided with written notice and a pre-deprivation hearing

before a neutral decision maker.

3.    Count II of the Petition is DISMISSED without prejudice.

4.    Petitioner's remaining requests for relief are DENIED as moot.[6]

IT IS FURTHER ORDERED that Respondents shall certify their compliance with

this Order by filing a declaration, pursuant to 28 U.S.C. § 1746, which affirms Petitioner's

release from custody.

A separate judgment shall be entered.

IT IS SO ORDERED this 4th day of May, 2026.

_____
**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[5] Petitioner did not file an objection to the R&R. Likewise, Petitioner has waived review of the Magistrate Judge's findings and conclusions as to his Administrative Procedures Act claim.

[6] Petitioner is permitted to seek an award of fees under the Equal Access to Justice Act after entry of final judgment in this matter. *See* 28 U.S.C. § 2412(d)(1)(B).